UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROHAN CONRAD CAMPBELL,

Petitioner,

v. Case No. 3:25-cv-344-BJD-PDB
3:18-cr-77-BJD-PDB[1]

UNITED STATES OF AMERICA,

Respondent.

---

**ORDER**

Petitioner, Rohan Conrad Campbell, a federal inmate, is proceeding *pro se* on a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Pet. Mot.; Civ. Doc. 1) in which he asserts he "was denied his right to appeal by the Court and counsel," even though he waived the right to appeal in his plea agreement (Crim. Doc. 73). *See* Pet. Mot. at 4, 13. As relief, he asks that the Court "reset the timeline to file a Notice of Appeal." *Id.* at 12. In its Response (Resp.; Civ. Doc. 3), the Government acknowledges that Petitioner is entitled to the procedure set forth in *United States v. Phillips*, 225 F.3d 1198,

[1] References to documents filed in the civil case will be denoted "Civ. Doc.," and references to documents filed in the criminal case will be denoted "Crim. Doc."

1201 (11th Cir. 2000), and maintains the Court should "grant[] the [M]otion … but only to the extent that [Petitioner] would be afforded an out-of-time appeal pursued by appointed counsel." *See* Resp. at 3–4. In *Phillips*, the Eleventh Circuit explained the procedure for granting the right to file an out-of-time appeal in a criminal case as the remedy in a § 2255 proceeding:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the [petitioner] should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the [petitioner] should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

*See* 225 F.3d at 1200–01.

Because Petitioner claims he was denied his right to appeal, and the Government concedes the procedure set forth in *Phillips* is warranted here, the Court will grant the Motion only to the extent that Petitioner may pursue an out-of-time appeal.

Accordingly, it is hereby **ORDERED**:

1. Petitioner's Motion (Civ. Doc. 1) is **GRANTED** only to the extent that he may pursue an out-of-time appeal with the assistance of appointed counsel.

2. The Court **VACATES** the criminal judgment entered on March 30, 2024. The Court will enter an amended judgment in the criminal case.

Petitioner's conviction and sentence remain unaffected.

3. The Court advises Petitioner that although he waived the right to appeal in his plea agreement (Crim. Doc. 73), he may still have grounds for an appeal, about which this Court makes no judgment. Petitioner has the right to the assistance of counsel in pursuing any appeal. To that end, the Court appoints the Office of the Federal Defender to represent Petitioner in filing any appeal.

4. Petitioner will have **14 days** from the entry of the new criminal judgment to file a notice of appeal under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure.

5. This Order constitutes a final judgment in the civil action in favor of Petitioner. The **Clerk** shall close the civil file and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of August 2026.

BRIAN J. DAVIS
United States District Judge

Jax-6

c: Rohan Conrad Campbell
Counsel of Record
Office of the Federal Defender